# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| FAITH CARR, *et al*. | : | Case No. 3:12-cv-42 |
| Plaintiffs, | : | District Judge Walter H. Rice |
| | | Magistrate Judge Michael J. Newman |
| v. | : | |
| DJO INCORPORATED, *et al*. | : | |
| Defendants. | | |

## ORDER, AND REPORT AND RECOMMENDATION[1]

### I. INTRODUCTION

Plaintiffs Faith Carr and Bruce Carr, husband and wife, bring this tort action against DJO Global, Inc., formerly known as DJO Incorporated (hereinafter "DJO Global"), and DJO, LLC (hereinafter "DJO LLC") (collectively "Defendants"). Diversity jurisdiction lies with this Court pursuant to 28 U.S.C. § 1332(a). This matter is now before the Court for consideration of three motions: (1) DJO LLC's motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 9(b) and 12(b)(6) (doc. 7); (2) Plaintiffs' motion for leave to file their First Amended Original Complaint (doc. 23); and (3) DJO Global's motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) (doc. 8). These motions have been fully briefed and are now ripe for disposition.

---

[1] Attached hereto is NOTICE to the parties regarding objections to this Report and Recommendation.

## II. LAW & ANALYSIS

The genesis of this action is an injury that Faith Carr allegedly sustained as a result of her use of a Don Joy Iceman -- a continuous cold therapy device purportedly designed, manufactured, and distributed by Defendants -- following her knee surgery. (Doc. 3).

Together with her husband, Mrs. Carr originally filed a complaint against Defendants in the Court of Common Pleas for Hamilton County, Ohio on December 30, 2011. DJO Global and DJO LLC subsequently removed the case to this Court.[2] On February 9, 2012, DJO LLC filed a motion to dismiss, claiming that Plaintiffs failed to state a claim upon which relief could be granted. (Doc. 7). On the same day, DJO Global filed a motion to dismiss challenging this Court's personal jurisdiction over it, pursuant to Fed. R. Civ. P. 12(b)(2). (Doc. 8).[3] Following briefing on both of Defendants' motions, on May 2, 2012, Plaintiffs filed a motion for leave to amend their complaint.[4] (Doc. 23). On May 14, 2012, DJO LLC and DJO Global filed separate responsive briefs in opposition to Plaintiff's motion for leave to amend. (Docs 25, 26).

For the reasons that follow, Plaintiffs' motion for leave to file their First Amended Original Complaint (doc. 23) is granted, and the Court recommends that DJO LLC's motion to dismiss Plaintiffs' original complaint (doc. 7) be denied as moot. Furthermore, the Court recommends that DJO Global's motion to dismiss for lack of personal jurisdiction (doc. 8) be denied, and Plaintiffs be permitted to conduct limited discovery as to DJO Global to investigate jurisdictional facts.

---

[2] This case first appeared on the Court's docket on February 2, 2012. (Docs. 1-5).
[3] Both DJO LLC and DJO Global maintain that Plaintiffs' complaint should be dismissed with prejudice.
[4] Plaintiff's motion for leave to amend was filed before the deadline to amend pleadings set by the Scheduling Order the in this case. (*See* doc. 15).

## A. Plaintiffs' Motion for Leave to Amend and DJO LLC's Motion to Dismiss

Rule 15 provides, "a party may amend its pleadings with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The decision to grant or deny leave to amend lies within the discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962). "A court need not grant leave to amend, however, where amendment would be 'futile.'" *Miller v. Calhoun Cty.*, 408 F.3d 803, 817 (6th Cir. 2005) (quoting *Foman*, 371 U.S. at 182)). Courts find futility "when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Id.* Thus, courts may deny leave to amend when a proposed amendment fails to "state a claim upon which relief can be granted." *See* Fed. R. Civ. P. 12(b)(6).

Although the grounds discussed above may warrant denial of leave to amend in certain circumstances, courts interpret Rule 15(a) "as setting forth a 'liberal policy of permitting amendments to ensure the determination of claims on their merits.'" *Oleson v. United States*, 27 F.App'x 566, 569 (6th Cir. 2001) (citations omitted). Here, with the liberal policy of Rule 15(a) in mind, the Court **GRANTS** Plaintiffs' motion for leave to amend their complaint (doc. 23).

DJO LLC does not raise a "futility" argument, but instead argues in its responsive brief that it and DJO Global would be subject to prejudice as a result of Plaintiffs' motion to amend. (Doc. 25). However, Defendants themselves acknowledge that they have engaged in virtually no discovery thus far (*id.* at PageID 288; doc. 26 at PageID 295), and the Court notes that the discovery cut-off is May 14, 2013 – more than eight months away (doc. 15). Therefore, the Court finds Defendants' allegations of prejudice to be without merit.[5]

---

[5]The Court notes that DJO LLC's reliance on *Brown v. FirstEnergy Corp.*, 159 Ohio App. 3d 696, 700 (Ct. App. 2005), is misplaced. In *Brown*, the Ohio Court of Appeals found that the plaintiff's attempt to amend his complaint was not "timely" nearly *three years* after filing his

Furthermore, in light of the Court's Order granting Plaintiffs leave to amend their complaint, DJO LLC's motion to dismiss Plaintiffs' original complaint for failure to state a claim (doc. 7) should be **DENIED AS MOOT** -- since it is addressed to a pleading which is no longer operative -- **AND WITHOUT PREJUDICE TO REFILE.**

### B. DJO Global's Motion To Dismiss For Lack of Personal Jurisdiction

Pursuant to Fed. R. Civ. P. 12(b)(2), DJO Global filed a motion to dismiss for lack of personal jurisdiction, arguing that it is not subject to the jurisdiction of this Court because it has not purposefully availed itself of the privilege of doing business in the State of Ohio. (Doc. 8).

In support of its motion, DJO Global attached an unnotarized, two-page affidavit of Tighe Reardon ("Reardon"), DJO LLC's Vice President of Corporate Tax. (Doc. 8-1, PageID 94-95). Reardon avers that DJO Global is a Delaware corporation with its principal place of business located in California, and that DJO LLC is an indirect, wholly owned subsidiary of DJO Global. (*Id*.; PageID 96, 98). He also avers that DJO Global is a holding company that "transacts no business, maintains no office, has no employees, pays no taxes, and does no advertising in Ohio." (*Id*., PageID 94-95). Furthermore, Reardon asserts that DJO does not own any real estate in Ohio, manufacture any products at issue in this case that are sold in Ohio, and has no agent in Ohio for conducting business. (*Id*). He acknowledges that DJO Global was known as DJO Incorporated until it formally changed its name on February 10, 2011. (*Id*.).

In response, Plaintiffs maintain that they have not yet had the opportunity to examine the relationship between DJO Global and DJO LLC; nor have they had the opportunity to test the assertions raised in DJO Global's motion or Reardon's affidavit. (Doc. 16). Plaintiffs request a period of limited discovery on the issue of this Court's personal jurisdiction over DJO Global.

---

original complaint, and more than two years after the trial court had dismissed one of two causes of action on summary judgment.

(*Id.*).  Additionally, Plaintiffs request that Reardon's affidavit be stricken because it is based on information "gained through corporate sources," not his own personal knowledge.  (*Id.*; *cf*. doc. 8-1, PageID 94).

When faced with a personal jurisdiction issue, a federal district court has three procedural alternatives: (1) "[it] may determine the motion on the basis of affidavits alone;" (2) "it may permit discovery in aid of the motion;" or (3) "it may conduct an evidentiary hearing on the merits of the motion." *Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1272 (6th Cir. 1998) (quoting *Serras v. First Tenn. Bank Nat'l Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989)).  The Court's "decision whether to grant discovery or an evidentiary hearing before ruling on a 12(b)(2) motion is discretionary." *Burnshire Dev., LLC v. Cliffs Reduced Iron Corp.*, 198 F. App'x 425, 434 (6th Cir. 2006) (citing *Intera Corp. v. Henderson*, 428 F.3d 605, 614 n. 7 (6th Cir. 2005)).  "Although the plaintiff bears the burden of demonstrating facts that support personal jurisdiction, courts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is 'clearly frivolous.'" *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003) (citation omitted).  *See also Drexel Chem. Co. v. SGS Depauw & Stokoe*, No. 94-5564, 1995 U.S. App. LEXIS 15760, at *2 (6th Cir. June 22, 1995) (When "the written submissions raise[] disputed issues of fact with regard to cross-corporate entanglements…the district court should [allow] further discovery or [hold] an evidentiary hearing."); *Tech. & Servs., Inc. v. TACS Automation, LLC*, No. 2:09-cv-11132010, U.S. Dist. LEXIS 81496, at *3 (S.D. Ohio June 29, 2010).

Allowing Plaintiffs a period of time in which to conduct limited discovery -- related to whether the Court has personal jurisdiction over DJO Global -- is warranted in the present case. Although DJO Global lists all of the contacts it does not have with the forum state, DJO LLC --

the company that manufactures, sells, and distributes the Don Joy Iceman -- is a wholly owned subsidiary of DJO Global. The Sixth Circuit has long held that a wholly owned subsidiary may subject its parent company to minimum contacts with the forum state under certain circumstances. *Velandra v. Regie Nationale Des Usines Renault,* 336 F.2d 292, 296 (6th Cir. 1964). Additional facts regarding the relationship between DJO Global and DJO LLC, as well as the contacts by DJO Global with the forum state, are needed to determine whether the minimum contacts requirement is satisfied.

Accordingly, Plaintiff's request for limited discovery on the matter of jurisdiction is well taken. The Court **RECOMMENDS** that DJO Global's motion to dismiss for lack of personal jurisdiction (doc. 8) be **DENIED WITHOUT PREJUDICE TO REFILE**, and Plaintiffs be granted until October 15, 2012 to engage in limited discovery on the sole issue of personal jurisdiction over DJO Global.

### III. ORDER AND RECOMMENDATION

Based upon the foregoing, the Court **ORDERS** as follows:

1) Plaintiffs' Motion for Leave to File their First Amended Complaint (doc. 23) is **GRANTED**.

Additionally, the Court **RECOMMENDS** as follows:

1) Defendant DJO LLC's motion to dismiss Plaintiffs' original complaint for failure to state a claim (doc. 7) be **DENIED AS MOOT;**

2) Defendant DJO Global's motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) (doc. 8) be **DENIED WITHOUT PREJUDICE**;

3) The parties be given until **October 15, 2012** to conduct discovery on the issue of personal jurisdiction regarding DJO Global; and

4) Following discovery, Defendant DJO Global be given until **November 1, 2012** to file a renewed motion to dismiss if necessary.

August 8, 2012                                          s/ **Michael J. Newman**
                                                        United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendation. Pursuant to Fed. R. Civ. P. 6(d), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report & Recommendation objected to and shall be accompanied by a memorandum in support of the objections. If the Report & Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).